IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEGAN SMATHERS,

                      Petitioner,                    Case No. 3:09 CV 160

       -vs-

                                                    MEMORANDUM OPINION

SHERRY DUFFY, Warden,

                      Respondent.

KATZ, J.

      This action is before the Court on Petitioner's objections to the July 8, 2009 Report and Recommendation ("R&R") of the United States Magistrate Judge (Doc. No. 9), recommending that the Court deny the petition for a writ of habeas corpus.  In accordance with *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) and *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate Judge's findings to which the Plaintiff objects.  For the following reasons, the Court finds Plaintiff's objections are not well taken and the same are denied.

**I. Background**

The Court hereby adopts the Magistrate Judge's description of the procedural background of this case as set forward in the R&R, as follows**:**

**PROCEDURAL BACKGROUND**

    The state appellate court reviewing Smathers' conviction and first sentencing found the following facts to be relevant to her case:
        {¶ 2} On May 2, 2005, Appellant Megan Smathers entered guilty
        pleas to two (2) counts of Burglary, in violation of R.C.
        2911.12(A)(3), felonies of third degree and two (2) counts of
        Attempt (Grand Theft), in violation of R.C. 2903.02 and R.C.
        2913.02(A)(1), felonies of fourth degree.
        {¶ 3} By Judgment Entry dated May 11, 2005, the trial court
        sentenced Appellant as follows:

{¶ 4} Count Two Burglary: three (3) years;
{¶ 5} Count Three Attempt (Grand Theft): eighteen (18) months;
{¶ 6} Count Four Burglary: three (3) years;
{¶ 7} Count Five Attempt (Grand Theft): eighteen (18) months.
{¶ 8} Counts Three, Four and Count Five were ordered to be served concurrently to Count Two. Count Two was ordered to be served consecutively to the November 29th, 2004, sentence of the Medina County Court of Common Pleas.

*State v. Smathers*, 2006 WL 827327, at *1 (Ohio App. March 30, 2006).

Smathers filed a timely notice of appeal. In her appellate brief, Smathers asserted three assignments of error:

Assignment of Error No I
The trial court erred in ordering the sentences in the instant case to be served consecutively to the sentence for the cases in Medina County for offenses which were part of a course of conduct which included the offenses in the instant case.

Assignment of Error No II
The trial court erred in ordering prison terms for fourth degree non drug felony offenses and not specifying at sentencing that it found one or more of the factors justifying imposition of a prison sentence specified in ORC 2929.13(B)(1)(a) through (i).

Assignment of Error No III
The trial court's sentence in the instant case is contrary to law and does not serve the overriding purposes of felony sentencing.

(Punctuation altered from the original.) On March 30, 2006, the state appellate court reversed the judgment of the trial court, vacated Smathers' sentence, and remanded the case for re-sentencing consistent with *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

The trial court re-sentenced Smathers on October 30, 2006, reimposing its original sentence.

Smathers filed a timely notice of appeal. In her brief in support of her appeal, Smathers asserted the following assignment of error: "The trial court erred by imposing an illegal sentence." On August 30, 2007, the state appellate court overruled Smathers' assignment of error and affirmed the judgment of the trial court.

Smathers timely appealed the judgment of the state appellate court to the Ohio Supreme Court. In her memorandum in support of jurisdiction, Smathers raised two propositions of law:

Proposition of Law I: The remedy that this Court set forth in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856 violates the Ex Post Facto and Due Process Clauses of the United States Constitution.

Proposition of Law II: Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio

>>Constitution, for failing to object to the trial court's imposition of non-minimum and consecutive sentences.

On February 7, 2008, the Ohio Supreme Court denied leave to appeal and dismissed the case as not involving any substantial constitutional question.

Smathers filed the instant petition for federal habeas relief on January 23, 2009. Smathers asserts a single ground for relief in her petition:

>GROUND ONE: In re-sentencing Petitioner, the trial court retroactively applied the remedy in *State v. Foster*, violating Petitioner's right to Due Process of Law and to protection from Ex Post Facto Laws, as guaranteed by the Fourteenth Amendment and Section 10, Article I of the Constitution of the United States of America.

Respondent filed an Answer/Return of Writ on June 1, 2009. (Doc. No. 7). Smathers filed a Traverse on June 25, 2009. (Doc. No. 8).

The Magistrate Judge recommended denying the writ.

## II. Jurisdiction

This Court has jurisdiction over this petition under 28 U.S.C. § 2241(a) and (d) because Petitioner was convicted in the court of common pleas in Ashland County, situated in the Northern District of Ohio, and, at the time she filed this petition, was in prison pursuant to that conviction.

## III. Standard of Review

The standards set forth in Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254(d), govern a federal district court's review of a state court decision on a writ of habeas corpus. *French v. Jones,* 332 F.3d 430, 435-436 (6th Cir. 2003). The statute establishes two circumstances in which a federal court may issue a writ. First, a federal court may issue a writ if the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). Second, a federal court may issue a writ if the state court's decision was based on an unreasonable determination of the facts in light of the evidence. § 2254(d)(2).

3

A state court's decision is "contrary to" the clearly established federal law when either the decision contradicts the Supreme Court's holdings or it "'confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from this precedent.'" *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)). A state court's decision unreasonably applies Supreme Court holdings "if the state court identifies the correct governing legal principle from the Supreme Court but unreasonably applies that principle to the facts of petitioner's case." *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (internal quotation marks omitted)).

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id*.

**IV. Discussion**

In her Objection, Petitioner renews her argument that her resentencing under *State v. Foster*, 109 Ohio St.3d 1 (2006) violated her right to due process of law. She argues that *Foster* represents the sort of "unexpected and indefensible" retroactive judicial enlargement of a criminal statute that was condemned in *Bouie v. Columbia*, 378 U.S. 347, 354 (1964).

The Ohio Supreme Court's decision in *Foster* was necessitated by the U.S. Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). Prior to *Blakely*, Ohio, like many other states and the federal government, required sentencing a defendant to minimum and concurrent terms of incarceration within the sentencing range for a given crime, unless the sentencing court determined that certain factors mandated longer and consecutive sentences. This

4

regime called for judicial factfinding of the sort prohibited by *Blakely*. In *Foster*, the Ohio Supreme Court severed these unconstitutional provisions from the rest of the sentencing scheme and directed sentencing courts as follows:

> Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively.

*Foster*, 109 Ohio St. 3d at 30. In the instant case, the sentencing court re-sentenced Smathers to the same sentence it had imposed before, except without making specific findings of fact, as was appropriate under *Foster*.

Smathers' reliance on *Bouie* is misplaced, and her argument is without merit. *Bouie* was severely limited by the Supreme Court in *Rogers v. Tennessee*, 532 U.S. 451, 459 (2001), where the Court held that *Bouie* "rested on core due process concepts of notice, foreseeability, and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct." Thus, the holding in *Bouie* was based on the fact that the South Carolina Supreme Court in *Bouie* had retroactively criminalized conduct that was previously innocent without "fair warning." *Rogers*, 532 U.S. at 457-458.

Under *Bouie*, as reconstructed by *Rogers*, the Ohio Supreme Court's action in *Foster* did not deprive Smathers of "fair warning" that her conduct was criminal. *Foster* did not criminalize any conduct that was previously innocent, nor did it increase the maximum penalty for any crime. The *Foster* Court also directed that judges be guided in their new discretion by the same sentencing factors that had previously justified upward departures. *Foster*, 109 Ohio St.3d 1, 30. Indeed, Smathers received the same penalty for her crime prior to *Foster* as she did afterwards. Both before and after *Foster*, Smathers had clear notice of both the illegality and the severity of

her acts. Thus, Smathers' "fair warning" argument rings hollow. Cf. *Dobbert v. Florida*, 432 U.S. 282 (1977) (Procedural changes in the role of judge and jury in death penalty sentencing do not violate the *Ex Post Facto* Clause).

**V. Conclusion**

For the above stated reasons, the findings and recommendations of the Magistrate Judge are adopted. Furthermore, the Court has determined *sua sponte* that no certificate of probable cause should issue in this case, as any appeal would lack substantial merit. Smathers' petition for a writ of habeas corpus is therefore denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE